# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 5:11cv48

| WELLS FARGO ADVISORS, LLC, | ) | |
| --- | --- | --- |
| | ) | |
| Claimant, | ) | |
| | ) | |
| Vs. | ) | |
| | ) | ORDER |
| CLIFFORD J. WATTS, III, | ) | |
| | ) | |
| Respondent. | ) | |

Pending before this court are the parties' respective motions to vacate and confirm an arbitration award. The court held a hearing on the motions on June 21, 2011.

Before adjudicating the parties' motions, the court must be satisfied that it has jurisdiction. The FAA provides that a written agreement requiring arbitration of controversies arising out of "a contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 2 creates "a substantive rule applicable in state as well as federal courts." *Southland Corp. v. Keating*, 465 U.S. 1, 16 (1984). However, Section 4 contains only a limited grant of federal court jurisdiction, permitting a party to seek an order compelling arbitration in "any United States district court which, save for [the arbitration] agreement, would have jurisdiction under Title 28 . . . of the subject matter of a suit arising out of the controversy between the parties." 9 U.S.C. § 4. Thus, the FAA "bestow[s] no federal jurisdiction but rather requir[es] an independent

jurisdictional basis." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 25 n.32 (1983)); *Choice Hotels, Int'l, Inc. v. Shiv Hospitality, L.L.C.*, 491 F.3d 171, 175 (4th Cir. 2007) ("If federal jurisdiction is proper in this case, it must be under the diversity of citizenship statute, as no federal question exists and the Federal Arbitration Act does not itself create federal-question jurisdiction.") (citation omitted).

Neither party has alleged an independent basis of federal jurisdiction in the motions to vacate or confirm the arbitration award. As the dispute here arises out of a contract between the parties, it appears that jurisdiction—if it exists—must be based on diversity of citizenship. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States...."). Although the amount in controversy in this case is clear, the parties' diversity of citizenship is not. Before the court rules on the respective motions, the court therefore needs short statements from the parties regarding the court's ground for asserting jurisdiction. The parties shall, therefore, submit statements showing that this court has jurisdiction to address the parties' respective motions to vacate and confirm the arbitration award.[1] Claimant Wells Fargo Advisors, LLC shall submit its initial statement within 10 days of this order. Respondent

---

[1] In addressing the citizenship of Wells Fargo Advisors, LLC, for purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members. *See Central W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

Watts shall then have 5 days to file a statement in response or to stipulate to Wells Fargo's statement regarding jurisdiction.

Signed: July 22, 2011

Max O. Cogburn Jr.
United States District Judge