# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:11cv48

| | |
|---|---|
| **WELLS FARGO ADVISORS, LLC,** ) | |
| ) | |
| **Claimant,** ) | |
| ) | **ORDER** |
| Vs. ) | |
| ) | |
| **CLIFFORD J. WATTS, III,** ) | |
| ) | |
| **Respondent.** ) | |
| _____) | |

**THIS MATTER** is before the court on respondent's Motion to Reconsider and to Vacate or Amend Judgment Pursuant to Rules 59 and 60 (#44).

On March 12, 2012, this court entered a Judgment enforcing an arbitration award against defendant, but declined to enforce the arbitrator's award of attorneys' fees. Memorandum of Decision (#34) and Judgment (#35). Respondent filed a Notice of Appeal (#36) to the Court of Appeals for the Fourth Circuit and claimant the filed a Cross Appeal (#39) of the attorneys' fees determination. On October 1, 2013, the appellate court entered a *per curiam* decision affirming the judgment as to enforcement of the award of arbitration and reversing the decision concerning an award of attorneys' fees. Wells Fargo Advisors, LLC v. Watts, No.12-1464, at 7-8 (4th Cir. Oct. 1, 2013). The appellate court instructed this court on remand to enter an Order enforcing the award of attorneys' fees. Id. at 8

On October 15, 2013, two weeks after the appellate court's decision, respondent filed the instant Motion to Reconsider and Vacate or Amend Judgment Pursuant to Rules 59 and 60. Briefing of that motion was completed March 19, 2014, with claimant's filing of its Reply. In the meantime, Mandate issued from the appellate court on February 19, 2014. Mandate (#47)

1

In sum, respondent contends that he now has evidence that the underlying contract was illegal and takes exception to the appellate court's failure to consider such arguments on appeal. In pertinent part of his Reply, respondent argues as follows:

> The failure to rehear or rehear en banc does not prove there is no merit to Watts' claims. Rather, failure to rehear supports that the court abdicated its responsibilities (like in Kaiser Steel) thereby denying Watts of his due process rights.
> Further, due to the Court of Appeals' failure to address the specific contract and public policies violated by the "Loan Bonus Arrangement" advanced by Watts, there can be no "law of the case" that the "Loan Bonus Arrangement" is legal.

Reply (#50) at 8 (citations omitted). Review of the appellate docket reveals that claimant sought *en banc* review and attached the same affidavit he now submits to this court as proof of fraud. Thus, his attempt to take issue with or unsettle the final decision of the appellate court finds no traction in this trial court.

Further, respondents' Motion to Vacate or Amend Judgment – filed two weeks after the appellate court's decision – appears to be untimely and an attempted end-run around the appellate process. Under Rule 59(e), respondent had 28 days from entry of Judgment to file a Motion to Amend Judgment. Fed.R.Civ.P. 59(e). Respondent filed such motion more than 18 months after judgment; thus, that motion is untimely. As to the Rule 60 motion, respondent had one year to file that motion as to any assertion under Rule 60(b)(1),(2), & (3), and as to subsections (4),(5), & (6), within a reasonable time. Fed.R.Civ.P. 60(c). Thus, the only subsection that remains possibly viable is a Rule 60(b)(6) claim, which allows relief for "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). As mentioned above, respondent seeks relief based on the same affidavit he submitted to the appellate court in support of his request for *en banc* review. Moreover, the affidavit appears to be that of another Wells Fargo financial advisor who also refused to repay a similar promissory note. As such, respondent argues that

2

such affidavit as "corroborat[ing] testimony elicited in the arbitration hearing. Thus, the affidavit is merely cumulative of evidence the panel has already heard and the presentation of cumulative evidence is not a reason that would justify relief under Rule 60(b)(6).

Finally, Rule 60(b) provides no remedy under the Federal Arbitration Act ("FAA") as the FAA provides the "exclusive procedures" for vacating arbitration awards. e.spire Commc'ns, Inc. v. CNS Commc'ns, 39 F.App'x 905, 911-12 (4th Cir. 2002) ("Because the FAA contains exclusive procedures for vacating arbitration awards, Rule 60(b)(1) is inapplicable"); Halliburton Energy Svcs., Inc. v. NL Indus., 618 F Supp. 2d 614, 635-36 (S.D. Tex. 2009) (same, citing cases). The FAA does not permit post-judgment or post-award motions based on alleged new evidence. Cong. Sec., Inc. v. Fiserv Sec., Inc., 02 CIV. 3740 (RJH), 2004 WL 829028 (S.D.N.Y. Apr. 15, 2004) ("neither Rule 60(b) nor any other rule involving 'newly discovered evidence' is available to vacate an arbitration award … the parties to an arbitration agreement bargained to have disputes settled by arbitration, knowing all of the advantages and drawbacks of the proceedings").

**ORDER**

**IT IS, THEREFORE, ORDERED** that respondent's Motion to Reconsider and to Vacate or Amend Judgment Pursuant to Rules 59 and 60 (#44)) is **DENIED**.

**IT IS FURTHER ORDERED** that in conformity with the Decision and Mandate of the Court of Appeals for the Fourth Circuit, the court confirms the arbitrators' award of attorneys' fees in the amount of **$60,480.25** against respondent and in favor of claimant, and the Judgment is, hereby, amended to so reflect such award.

The Clerk of Court shall enter an Amended Judgment in accordance with this Order.

Signed: April 1, 2014

Max O. Cogburn Jr.
United States District Judge